1

2

3

4

5

6

7              UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9

WREX SARAH,

10
                                NO. CIV. S-07-973 LKK/KJM
11          Plaintiff,

12      v.
                                     O R D E R
13 UNEX CORORATION; HYTORC
DIVISION OF UNEX CORPORATION;
14 HYTORC OF CALIFORNIA, INC.;
POWER-DRAULICS, INC.; MICHIGAN
15 INDUSTRIAL EQUIPMENT; TOM
SMITH; MIKE PERRY; HYTORC OF
16 MICHIGAN, INC; AND DOES 1 to 50,

17

18          Defendants.
   _____/

19      This is a negligence and products liability action arising

20 from an injury that plaintiff suffered while using a hydraulic

21 torque wrench.   The action was originally commenced in Shasta

22 County Superior Court and named both California and non-California

23 defendants.   Non-resident defendant Unex Corporation removed the

24 action based on diversity jurisdiction, alleging that the

25 California defendants were fraudulently joined and therefore should

26 be disregarded.  Pending before the court is plaintiff's motion to

                              1

1  remand.  The court resolves the motion on the papers and after oral

2  argument.    For  the  reasons  set  forth  below,  the  court  grants

3  plaintiff's motion and remands the action to Shasta County Superior

4  Court.

**I. Background**

6      Plaintiff Wrex Sarah, a citizen of California, alleges that

7  he suffered injury when, in 2005, a hydraulic torque wrench

8  malfunctioned and caused hydraulic fluid to be injected into his

9  left hand.  In his complaint, plaintiff identified the subject

10 wrench as having the brand name "Hytorc."

11     Plaintiff originally filed suit in Shasta County Superior

12 Court in 2006 seeking compensatory and punitive damages under

13 products liability and general negligence theories.  In his

14 original suit, there were two defendants: Hytorc of California

15 and Power-Draulics, Inc., both California corporations.

16     During discovery in the state court action, Mr. Sarah's

17 employer, Roger Meyer, was deposed.  Mr. Meyer testified that

18 the subject wrench was purchased from a Hytorc representative in

19 Michigan, not California.  In response to this testimony,

20 plaintiff sought to name additional Doe defendants, including

21 the Michigan division of Hytorc.  Plaintiff's counsel proposed a

22 stipulation to add the necessary Doe defendants.  The parties,

23 however, were unable to reach a mutually agreeable stipulation.

24 Because the statute of limitations on plaintiff's personal

25 injury claims was to expire five days following the deposition,

26 the parties stipulated to dismissal of the existing action

1 without prejudice and the filing of a new complaint naming the
2 additional defendants.

3    The original complaint was therefore dismissed without
4 prejudice and the new complaint was filed on January 31, 2007.
5 The newly added defendants included, among others, Unex
6 Corporation, Hytorc Division of Unex Corporation, Michigan
7 Industrial Equipment, and Hytorc of Michigan.  The new
8 defendants are not California citizens.  After the new complaint
9 was filed, defendant Unex removed the action to federal court
10 pursuant to 28 U.S.C. § 1441(b), alleging that Hytorc of
11 California and Power-Draulics (the "California defendants") were
12 fraudulently joined.  Pending before the court is plaintiff's
13 motion to remand.  Only Hytorc of California and Unex Corporation
14 filed an opposition.

15                          **II. Standard**

16    Civil actions not involving a federal question are
17 removable to a federal district court if there is diversity of
18 citizenship between the parties.  28 U.S.C. § 1332(a)(1).
19 Section 1332 requires that there be complete diversity; that is,
20 each plaintiff's citizenship must be diverse as to each
21 defendant's citizenship.  <u>Id.</u>  A defendant may remove a civil
22 action that alleges claims against a non-diverse defendant when
23 the plaintiff has no basis for suing that defendant, or in other
24 words, when that defendant has been fraudulently joined.  <u>McCabe</u>
25 <u>v. General Foods Corp.</u>, 811 F.2d 1336, 1339 (9th Cir. 1987).

26    "'If the plaintiff fails to state a cause of action against

1  a resident defendant, and the failure is obvious according to

2  the settled rules of the state, the joinder of the resident

3  defendant is fraudulent.'" <u>Ritchey v. Upjohn Drug Co.</u>, 139 F.3d

4  1313, 1318 (9th Cir.1998) (quoting <u>McCabe</u>, 811 F.2d at 1339).

5  Where a non-diverse defendant has been "fraudulently joined" to

6  an otherwise completely diverse case, that defendant is

7  disregarded for diversity jurisdiction purposes. <u>See</u>, <u>e.g.</u>,

8  <u>Calero v. Unisys Corp.</u>, 271 F. Supp. 2d 1172, 1176 (N.D. Cal.

9  2003).

10  ### III. Analysis

11  **A.   Timeliness of Plaintiff's Motion to Remand**

12     As a preliminary matter, defendants argue that plaintiff's

13  motion to remand is untimely, because it has not been brought

14  within 30 days of removal as required by 28 U.S.C. § 1447(c).[1]

15     Defendants misunderstand the nature of plaintiff's motion

16  to remand, characterizing it as alleging a violation of the "no

17  local defendant" rule.  Defendants argue that such a motion

18  alleges a procedural defect in the removal process, which is

19  subject to the 30 day limitation provided by Section 1447(c),

20  rather than a defect in subject matter jurisdiction, which is

21  not subject to the 30 day time limit.

22       [1] Section 1447(c) provides:

23    A motion to remand the case on the basis of any defect
   other than lack of subject matter jurisdiction must be
24    made within 30 days after the filing of the notice of
   removal under section 1446(a).  If at any time before
25    final judgment it appears that the district court lacks
   subject matter jurisdiction, the case shall be remanded.

26

4

1    The "no local defendant" rule, also known as the forum

2  defendant rule, is provided by 28 U.S.C. § 1441(b).[2]  The rule

3  acts as a limit on federal diversity jurisdiction and provides

4  that removal is improper where "any party in interest properly

5  joined and served as a defendant is a citizen of the state in

6  which the action is brought."  Lincoln Prop. Co. v. Roche, 546

7  U.S. 81, 89-90 (2005).  In other words, where there is complete

8  diversity between the parties, but the defendant already has the

9  "home field advantage" in state court, removal is

10  inappropriate.[3]   In such cases, the plaintiff has 30 days to

11  file a motion to remand.  See Lively v. Wild Oats Mkts., Inc.,

12  456 F.3d 933 (9th Cir. 2006).

13    In the instant case, however, plaintiff's motion does not

14  allege violation of the forum defendant rule.  Instead,

15  plaintiff's motion alleges lack of diversity between himself and

16  the California defendants.  Challenges to a court's subject

17  matter jurisdiction are not waivable and may be raised at any

18  
    _____

19         [2] 28 U.S.C. § 1441(b) provides:

20    Any civil action of which the district courts have
    original jurisdiction founded on a claim or right arising
21    under the Constitution, treaties or laws of the United
    States shall be removable without regard to the
22    citizenship or residence of the parties.  Any other such
    action shall be removable only if none of the parties in
23    interest properly joined and served as defendants is a
    citizen of the State in which such action is brought.

24         [3] To take a simple example, if a citizen of New York sued a
    citizen of California in California state court, the California
25  defendant could not properly remove the case to federal court.  If
    he or she did, the New York plaintiff would have 30 days to remand
26  the case.

1  time.  Fed. R. Civ. P 12(h)(3); <u>Am. Fire & Cas. Co. v. Finn</u>, 341

2  U.S. 6, 17-18 (1951) (defects in subject matter jurisdiction are

3  not waivable); <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1194

4  (9th Cir. 1988) (jurisdictional challenges may be raised at any

5  time).

6  **B.   Fraudulent Joinder**

7       On a motion to remand, the removing defendant faces a

8  strong presumption against removal and bears the burden of

9  establishing that removal was proper.  <u>Sanchez v. Monumental</u>

10 <u>Life Ins. Co.</u>, 102 F.3d 398, 403-04 (9th Cir. 1996).  Federal

11 jurisdiction must be rejected if there is any doubt as to the

12 right of removal in the first instance.  <u>Gaus v. Miles, Inc.</u>,

13 980 F.2d 564, 566 (9th Cir. 1992).

14      In order to establish that a non-diverse defendant has been

15 fraudulently joined, the removing party also carries the heavy

16 burden of establishing the absence of any possibility of

17 recovery.  <u>Ritchey</u>, 139 F.3d at 1318.  The claim of fraudulent

18 joinder must be supported by clear and convincing evidence.

19 <u>Hamilton Materials Inc. v. Dow Chem. Corp.</u>,(9th Cir. 2007).  In

20 determining whether a non-diverse defendant has been improperly

21 joined, courts may look beyond the pleadings and examine the

22 factual record.  <u>McCabe</u>, 811 F.2d at 1339.

23      The court must initially resolve all disputed questions of

24 fact and all ambiguities in favor of the non-removing party.

25 <u>Macey v. Allstate Prop. & Cas. Ins. Co.</u>, 220 F. Supp. 2d 1116,

26 1117-18 (N.D. Cal. 2002).  If, after doing so, there is any

1   possibility that the non-removing party may recover against the

2   party whose joinder is questioned, the court must deny the

3   motion to remand.  <u>Plute v. Roadway Package Sys., Inc.</u>, 141 F.

4   Supp. 2d 1005, 1012 (N.D. Cal. 2001).

5       Here, defendants simply allege that they were not involved

6   at all with the allegedly defective product and were therefore

7   fraudulently joined in the current action.  As explained below,

8   however, defendants fail to support this allegation with clear

9   and convincing evidence to establish that plaintiff has no

10  possibility of recovery against them.

11      **1.  Power-Draulics**

12      Plaintiffs allege that California defendants Hytorc of

13  California and Power-Draulics, Inc. participated in the design,

14  manufacture, distribution, and/or service of the subject wrench,

15  and are therefore liable for products liability and negligence.

16      With regard to Power-Draulics, defendants have not provided

17  any evidence showing that the company was not involved with the

18  manufacture, distribution, or service of the product.  Instead,

19  defendants rely on the fact that Power-Draulics was voluntarily

20  dismissed by plaintiff from the original state action to somehow

21  show an insufficient nexus between Power-Draulics and

22  plaintiff's injury to sustain the present action.  At best,

23  defendants raise a disputed issue of fact regarding whether

24  Power-Draulics was involved with the manufacture, distribution,

25  or repair of the wrench.  For the purposes of fraudulent joinder

26  analysis, however, all disputed questions of fact must be

7

1  construed in favor of the non-removing party.   <u>Macey</u>, 220 F.

2  Supp. 2d at 1117-18.   Accordingly, the court must assume that

3  Power-Draulics was, in fact, involved.

4      **2. Hytorc of California**

5      Because defendants have failed to meet its burden of

6  proving that Power-Draulics was fraudulently joined, the court

7  need not reach the question of whether Hytorc of California was

8  fraudulently joined.   Where there is at least one non-diverse,

9  properly joined defendant, the district court lacks subject

10 matter jurisdiction, and must remand the action to state court.

11 <u>Green v. Amerada Hess Corp</u>., 707 F.2d 201, 206 (5th Cir. 1983)

12 ("[I]f there is even a possibility that a state court would find

13 a cause of action stated against any one of the named in-state

14 defendants on the facts alleged by the plaintiff, then the

15 federal court must find that the in-state defendants have been

16 properly joined, that there is incomplete diversity, and that

17 the case must be remanded to the state courts").

18     Nevertheless, assuming, arguendo, that Power-Draulics was

19 fraudulently joined, Hytorc of California has also failed to

20 meet its heavy burden of proving fraudulent joinder.   Hytorc of

21 California maintains that it was not involved in placing the

22 allegedly defective product into the stream of commerce, nor in

23 completing repairs on the product.   At oral argument, counsel

24 for Hytorc of California and Unex noted that, in a separate

25 motion to dismiss filed after their opposition to the motion to

26 remand was filed, Better Bolting (allegedly erroneously sued as

1  Hytorc of Michigan) admitted that it sold the wrench in Michigan

2  to plaintiff's employer, Mr. Meyer.  Decl. of Mike Perry ¶ 4.

3      This information, however, only establishes where the point

4  of sale occurred.  It, like the deposition testimony of Mr.

5  Meyer relied upon by defendants, does not address who designed

6  and manufactured the wrench.  Plaintiff alleges that Hytorc of

7  California may have manufactured or assembled the product,

8  designed or manufactured component parts, labeled or removed

9  labels from the product, or breached express and implied

10  warranties.  Mr. Meyer's testimony does not address any of these

11  issues, and therefore does not clearly and convincingly show

12  that there is no hope of recovery against Hytorc of California.

13      Likewise, the invoices tendered by defendants do not

14  demonstrate the absence of potential liability.  For example,

15  the invoice dated July 29, 2002 shows the shipment of various

16  Hytorc products from defendant Unex Corporation in New Jersey to

17  defendant Michigan Industrial Equipment in Michigan, but the

18  wrench in question is not among these products.

19      Finally, defendants point to the lack of evidence that

20  Hytorc of California was in fact involved.  For the purposes of

21  fraudulent joinder, the court does not examine whether

22  plaintiffs can prove their case, but merely whether they have

23  stated a valid claim under state law against the resident

24  defendants.  Perez v. AT&T Co., 139 F.3d 1368, 1380-1381 (11th

25  Cir. 1998).  In short, defendants have failed to show by clear

26  and convincing evidence that Hytorc of California was not

1 | involved with the product as alleged by plaintiff.

2 | **IV. Conclusion**

3 |     For the reasons set forth above, plaintiff's motion to

4 | remand is GRANTED and the action is REMANDED to Shasta County

5 | Superior Court.

6 |     IT IS SO ORDERED.

7 |     DATED:  August 16, 2007.

8 |

9 |

10 | LAWRENCE K. KARLTON
    SENIOR JUDGE

11 |     UNITED STATES DISTRICT COURT